UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEANNE K.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

                Defendant.

CASE NO. C18-1844-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**<u>FACTS AND PROCEDURAL HISTORY</u>**

Plaintiff was born on XXXX, 1966.[2] She has a high school diploma, and has worked as

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

an in-home caregiver, supervisory pawn broker, retail cashier, and travel agent. (AR 248, 263.)

Plaintiff applied for DIB and SSI in August 2015. (AR 219-26.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 139-46, 149-63.)

On June 6, 2017, ALJ Glenn G. Meyers held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 40-78.) On February 22, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-28.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 24, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since February 28, 2015, the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's fibromyalgia, bipolar disorder, depressive disorder, and borderline personality disorder. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. She can perform occasional stooping, squatting, crouching, crawling, kneeling, and climbing ramps and stairs, and can never climb ropes, ladders, or scaffolds. She can engage in unskilled, repetitive, routine tasks in two-hour increments. She can work in proximity to but not in coordination with co-workers, with occasional contact with supervisors and superficial, incidental contact with the public. She will be off-task at work up to 10% of the time, but can still meet the minimum production requirements of the job. She will be absent from work one time per month. (AR 19.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 26.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the help of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as office helper, maid, and mailroom clerk. (AR 27-28.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in failing to further develop the record, and also erred in a number of other ways. Dkt. 10 at 2. The Commissioner argues that any errors are harmless, and that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Failure to develop the record

At the administrative hearing, counsel noted that the record was incomplete and that Plaintiff's recent counseling notes had not been obtained because the agency had requested evidence from the wrong entity. (AR 44-46, 75-78, 324-32.) At the conclusion of the hearing, the ALJ indicated that he was going to request the records from the correct entity. (AR 75-78.) The ALJ did not apparently do so, however, and the decision makes no mention of those outstanding records and instead assumes that Plaintiff did not receive recent treatment and that her counselor's opinion was unsupported by treatment notes. (AR 20-22, 24.)

Although the Commissioner suggests that the ALJ's error in failing to obtain the records is harmless because Plaintiff cannot show that the missing records are significant or how they might undermine the ALJ's decision, this argument is unpersuasive.[3] Dkt. 14 at 12. The ALJ discounted Plaintiff's allegations as well as her treating counselor's opinion based on the lack of recent counseling notes, and thus even without knowing the content of the counseling notes, it is clear that the notes are relevant to the ALJ's decision. The ALJ implied as much when he stated that he would obtain the records in order to complete the record. (AR 76-77.) The ALJ's apparent

---

[3] The Commissioner also suggests elsewhere in the response brief that Plaintiff could have obtained the records herself (Dkt. 14 at 10-11), but Plaintiff informed the agency in April 2017 that she could not afford to pay for her medical records and thereby asked the agency to request them. (AR 326.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

failure to follow through on his stated intention to complete the record amounts to a failure of his duty to fully and fairly develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (indicating that an ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to further develop the record).

Because Plaintiff's counseling notes may impact all of the ALJ's challenged findings, the Court need not address the other assignments of error at this time. On remand, the ALJ shall request the Plaintiff's counseling notes from the correct entity and otherwise update the record as necessary, hold a new hearing, and issue a new decision.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 26th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge